**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4923**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LEROY ALONZO MCELVEEN, a/k/a Deekie,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence. Terry L. Wooten, District Judge.
(CR-03-651)

———————

Submitted: May 18, 2006               Decided: May 25, 2006

———————

Before WIDENER and WILKINSON, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Joshua Snow Kendrick, JOSHUA SNOW KENDRICK, P.C., Columbia, South
Carolina, for Appellant. Arthur Bradley Parham, OFFICE OF THE
UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Leroy Alonzo McElveen was found guilty by a jury on charges of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), 2113(d), 371 (2000); armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), 2113(d), 2 (2000); use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2; commission of a crime that interfered with interstate commerce, in violation of 18 U.S.C. § 1951(a); and use and carrying of a firearm during and in relation to, and possession of a firearm in furtherance of, a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 924(c)(1)(C) (2000). The district court sentenced McElveen to an aggregate sentence of 476 months' imprisonment, five years total term of supervised release, and ordered payment of a $500 statutory assessment and restitution of $8421. McElveen's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising three issues, but stating that there are no meritorious grounds for appeal. McElveen has filed a pro se brief raising a number of additional issues for this court's consideration.

McElveen, by counsel, first asserts error in the district court's denial of his motion for acquittal based on lack of proof of interference with interstate commerce. We find sufficient to establish the requisite nexus the Government's evidence that the crime constituted the taking of money that could have been used to

purchase out-of-state supplies and resulted in the closing of the bank for business for a day following the robbery. See e.g., United States v. Buffey, 899 F.2d 1402, 1404 (4th Cir. 1990) (quoting United States v. Elders, 569 F.2d 1020, 1023-24 (7th Cir. 1978) (holding de minimis nexus sufficient).

Next, McElveen and his counsel challenge the identification testimony before the grand jury and at trial, and the district court's denial of his suppression motion on the same basis. We find this claim unavailing because the district court properly followed the two-step analysis to determine whether the challenged identification was admissible, and McElveen has not met his burden of proof in challenging the identification testimony. See United States v. Johnson, 114 F.3d 435, 441 (4th Cir. 1997).

By counsel, McElveen asserts error in the district court's application of a two-level enhancement to his sentence pursuant to U.S. Sentencing Guidelines Manual § 2B3.1(b)(4)(B) (2003). A careful review of the sentencing transcript reveals that the district court ultimately chose not to apply this enhancement to McElveen's guideline calculation, and further reveals that McElveen was sentenced within a properly calculated Guidelines range under an advisory sentencing scheme, in compliance with United States v. Booker, 543 U.S. 220 (2005).

After careful consideration, we find to be without merit the additional issues McElveen raises pro se.* McElveen's claim of ineffective assistance of counsel is not cognizable on direct appeal, as the record does not conclusively establish such ineffectiveness. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm McElveen's conviction and sentence. At this juncture, we deny McElveen's motion to relieve his attorney. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

*Specifically, McElveen challenges the credibility of the testimony of his co-Defendant, asserts his conviction violates the prohibition against double jeopardy, challenges the court's denial of his requests to attend attorney bench conferences, and seeks to assert a claim under Brady v. Maryland, 373 U.S. 83, 87 (1963).

- 4 -